| | |
|---|---|
| **BENNETT, BRICKLIN & SALTZBURG LLC**<br>BY:   NICOLE PEREZ, ESQUIRE<br>Executive Mews, Suite H-43<br>1930 East Marlton Pike<br>Cherry Hill, NJ 08003<br>(856) 751-5285 | ATTORNEY FOR DEFENDANT,<br>United States Steel Corporation |

| | |
|---|---|
| WAYNE TAYLOR and LESLIE TAYLOR, his wife<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE SHERWIN WILLIAMS COMPANY, et al.<br><br>　　　　　　　Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027** |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that defendant, United States Steel Corporation ("US Steel"), hereby gives notice of the removal of the above-captioned action from the Superior Court of New Jersey, Law Division – Camden County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 and §1452, and Federal Rule of Bankruptcy Procedure 9027, and in support thereof, states as follows:

　　I.　　**BACKGROUND**

　　1.　　Plaintiffs instituted this personal injury action on February 13, 2009 by filing a Complaint in the Superior Court of New Jersey, Law Division – Camden County, Docket No.: L-776-09. A true and correct copy of the Complaint is attached hereto as Exhibit "A". Subsequently, plaintiffs filed an Amended Complaint on September 16, 2009, which added defendants to this suit. A true and correct copy of plaintiffs' First

Amended Complaint and Jury Demand, Designation of Trial Counsel and Demand for Answers to Interrogatories is attached hereto as Exhibit "B". Generally, plaintiffs have alleged damages resulting from Mr. Taylor's exposure to benzene containing products.

2. Attached hereto, collectively, as Exhibit "C", are true and correct copies of all pleadings and Orders served on or by US Steel in the state court proceedings, other than the above-referenced Complaint and First Amended Complaint.

3. The deposition of plaintiff, Wayne Taylor, was taken in four sessions, January 5, 6 and 7, and February 16, 2011, in Bangor, Maine. During the deposition session of February 16, 2011, Mr. Taylor disclosed, for the first time, that in June 2010, while this instant lawsuit was pending, he and Mrs. Taylor filed for personal bankruptcy in the United States Bankruptcy Court, District of Maine, in June, 2010. True and correct copies of relevant excerpts from Mr. Taylor's deposition given on February 16, 2011, are attached hereto as Exhibit "D". See Exhibit "D", N.T. 655-656.

4. In addition, the deposition of plaintiff, Leslie Taylor, was taken on February 17, 2011, and pertinent portions of her deposition transcript are attached hereto as Exhibit "E". Mrs. Taylor confirmed the filing of the aforementioned bankruptcy petition. See Exhibit "E", N.T. 27.

5. Attached hereto as Exhibit "F" is a true and correct copy of the Voluntary Petition in Bankruptcy and all related statements and attachments filed by Mr. and Mrs. Taylor in the United States Bankruptcy Court for the State of Maine on June 23, 2010.

6. Attached hereto as Exhibit "G" is a true and correct copy of the docket entries for the bankruptcy proceedings initiated by Mr. and Mrs. Taylor in June, 2010. As shown in the dockets, on September 22, 2010, an Order was entered granting Mr. and Mrs. Taylor a discharge in bankruptcy and the bankruptcy proceedings were closed on the dockets September 27, 2010.

7. The Petition in Bankruptcy filed by the Taylors failed to disclose, as required by the rules and procedures of the Bankruptcy Court, the filing and maintenance of this personal injury lawsuit. As a result, on May 2, 2011, Richard C. Cleary, who had been appointed the trustee in bankruptcy in connection with the Taylors' June 2010 bankruptcy proceedings, filed a Petition to re-open the closed bankruptcy proceeding. A true and correct copy of this Petition is attached hereto as Exhibit "H".

8. On May 27, 2011, the Honorable Louis H. Kornreich, Bankruptcy Judge for the United States Bankruptcy Court, State of Maine, entered an Order re-opening the Taylors' bankruptcy proceeding. A true and correct copy of the Court's Order is attached hereto as Exhibit "I".

9. Accordingly, presently pending in the Bankruptcy Court for the District of Maine is a bankruptcy proceeding which originally was initiated by Mr. and Mrs. Taylor in June 2010; discontinued on or about September 27, 2010; and re-opened by the bankruptcy court for the reasons set forth in the Trustee's Petition to Re-Open, Exhibit "H".

## II. REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1452

10. 28 U.S.C. §1452, entitled, "Removal of Claims Related to Bankruptcy Cases," provides, in relevant part:

> (a) A party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under §1334 of this title.

11. 28 U.S.C. §1334 provides, in relevant part:

> (a) Except as provided in sub-section (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in sub-section (e)(2), … the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

12. This Notice of Removal is being filed within thirty (30) days of the receipt by defendants of the Order re-opening the Taylors' bankruptcy proceeding and the instant action is "related to" the Taylors' bankruptcy proceeding. See Tipico Products Co., Inc. v. Dovoto Foods, LLC, 2007 W.L. 150481.*4 (D.N.J. 2007) (unpublished opinion) [citing Belfcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997); Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)].

## II. ALTERNATIVELY, REMOVAL IS PROPER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

13. Federal Rule of Bankruptcy Procedure 9027 provides, in relevant part, as follows:

> (a) Notice of Removal
>
> > (1) Where filed; form and content.

>A Notice of Removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the Notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.
>
>(2) Time for filing; civil action initiated before commencement of the case under the code. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a Notice of Removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, ….

14. Because the Bankruptcy Court has not yet issued an order for relief in the bankruptcy proceedings which are pending at this time, the filing of this Notice of Removal is timely pursuant to Rule 9027(a)(2).

15. It is averred that this matter is a non-core proceeding pursuant to 28 U.S.C. §157, and moving defendant does not consent to entry of final orders or judgment by the Bankruptcy Judge.

### IV. PROCEDURAL COMPLIANCE

16. For the reasons set forth in paragraphs 12 and 14 of this Notice, removal of this action is being made in a timely manner.

17. Because removal is being effected pursuant to 28 U.S.C. 1452, or in the

alternative, Bankruptcy Rule 9027, consent of all defendants to the removal pursuant to 28 U.S.C. §1446 is not required. See California Public Employees' Retirement System v. Wachovia Capital Markets, LLC, 2009 WL 414647 (W.D. Pa. 2009); New England Wood Pellet, LLC v. New England Pellet, LLC, 419 B.R. 133 (D.N.H. 2009). Nevertheless, collectively attached as Exhibit "J" are joinders and consents of served defendants Rust-Oleum Corporation, Radiator Specialty Company, Eastman Kodak Company, 3M Company, Van Son Holland Ink Corporation, WD-40 Company, Star Bronze Company, Inc., Scott's Liquid Gold and The Sherwin-Williams Company.

18. US Steel will file, and give notice of the filing of, this Notice of Removal as required by 28 U.S.C. §1446(d) and Bankruptcy Rule 9027(b) and (c).

V. **CONCLUSION**

19. For the reasons set forth above, this action is related to a bankruptcy case initiated Wayne and Leslie Taylor and re-opened by the United States Bankrtupcy Court, State of Maine, on May 27, 2011 and accordingly, is removable pursuant to 28 U.S.C. §1452 and Federal Rule of Bankruptcy Procedure 9027.

                BENNETT, BRICKLIN & SALTZBURG LLC

                By: _____

OF COUNSEL:         NICOLE PEREZ, ESQUIRE
PAUL F. LANTIERI, ESQUIRE    1601 Market Street, 16th Floor
1601 Market Street, 16th Floor    Philadelphia, PA 19103
Philadelphia, PA 19103      (856) 751-5285
(856) 751-5285        Attorneys for Defendant,
               United States Steel Corporation

Date: June 14, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE TAYLOR and LESLIE TAYLOR, his wife <br>            Plaintiffs, <br> v. <br> THE SHERWIN WILLIAMS COMPANY, et al. <br>            Defendants. | : <br> : <br> : <br> : Civil Action No.: <br> : <br> : <br> : <br> : |

**PROOF OF FILING**

STATE OF PENNSYLVANIA              :

PHILADELPHIA COUNTY            :

      Nicole Perez, being duly sworn according to law, deposes and states that she is employed by the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, United States Steel Corporation, and that she did direct the filing with the Clerk of the Superior Court of New Jersey, Camden County, a copy of the Notice of Removal, attached hereto said filing to be made on June 14, 2011.

                                                              BENNETT, BRICKLIN & SALTZBURG LLC

OF COUNSEL:                         By: _____
PAUL F. LANTIERI, ESQUIRE             NICOLE PEREZ, ESQUIRE
1601 Market Street, 16th Floor             Executive Mews, Suite H-43
Philadelphia, PA 19103                    1930 East Marlton Pike
(215) 561-4300                                Cherry Hill, NJ 08003
                                              (856) 751-5285
                                              Attorneys for Defendant,
                                              United States Steel Corporation

Date: June 14, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WAYNE TAYLOR and LESLIE :
TAYLOR, his wife :
            Plaintiffs, :   Civil Action No.:
      v. :
THE SHERWIN WILLIAMS :
COMPANY, et al. :
:
            Defendants. :
:

### PROOF OF SERVICE

STATE OF PENNSYLVANIA    :

PHILADELPHIA COUNTY    :

      Nicole Perez, after being first duly sworn upon oath, deposes and says that she is employed with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, United States Steel Corporation, and that she did serve this 14th day of June, 2011, the aforementioned Notice to plaintiff upon the individuals named below by facsimile and by depositing a copy of same in the United States Post Office box, postage pre-paid, enclosed in envelopes plainly addressed to:

**Counsel for Plaintiffs Wayne Taylor and Leslie Taylor**
Andrew J. Dupont, Esquire
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Email: adupont@lockslawpa.com

**Counsel for Defendant McGraw-Hill:**
Lawrence Z. Lorber, Esquire
Proskauer Rose, LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 10004
Email: llorber@proskauer.com

*[handwritten: Not Admitted]*

**Counsel for Defendant Scott's Liquid Gold:**
Claire B. Ventola, Esquire
Eric Weiss, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
Email: cbventola@mdwcg.com

**Counsel for Defendant Star Bronze:**
Peter J. Fazio, Esquire
C. Jessica Pratt, Esquire
Aaronson Rappaport Feinstein & Deutsch, LLP
757 Third Avenue
New York, NY 10017
Email:  pjfazio@arfdlaw.com
Email: cjpratt@arfdlaw.com

Jack E. Little, Esquire
Weinstein, Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, TX 77063
Email: jack.little@wtllaw.com

**Counsel for Defendant WD-40 Company:**
Paul S. Danner, Esquire
Mound Cotton Wollan & Greengrass
60 Park Place
Newark, NJ 07102
Email: pdanner@moundcotton.com

**Counsel for Sherwin-Williams Co.:**
William J. Smith, Esquire
J.R. Hall, Esquire
Christopher D. Stofko, Esquire
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
Email: wsmith@dmclaw.com
           jhall@dmclaw.com
           cstofko@dmclaw.com

**Counsel for Presstek, Inc.**
Christopher J. Lutzo, Esquire
10 Glenville Street
Suite 3
Greenwich, CT 06831-3680
Email: clutzo@presstek.com

*[handwritten: Not Admt]*

**Counsel for Van Son Holland Ink Corporation of America**
Lila Wynne, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, NJ 08002
Email: ltwynne@mdwcg.com

Edward A. Greenberg, Esquire
Ward Greenberg Heller & Reidy LLP
7001 Lincoln Drive West
Suite 203
Marlton, NJ 08053

**BENNETT, BRICKLIN & SALTZBURG** LLC

| OF COUNSEL: | By: _____ |
|---|---|
| PAUL F. LANTIERI, ESQUIRE | NICOLE PEREZ, ESQUIRE |
| 1601 Market Street, 16th Floor | Executive Mews, Suite H-43 |
| Philadelphia, PA 19103 | 1930 East Marlton Pike |
| (215) 561-4300 | Cherry Hill, NJ 08003 |
| | (856) 751-5285 |
| | Attorneys for Defendant, |
| | United States Steel Corporation |

Date: June 14, 2011