UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE TAYLOR and LESLIE TAYLOR, h/w, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 11-3413 |
| v. | : | MEMORANDUM OPINION & ORDER |
| THE SHERWIN WILLIAMS CO., et al, | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' motion to abstain and remand pursuant to 28 U.S.C. § 1334(c)(1) and § 1334(c)(2) or, alternatively, to remand pursuant to 28 U.S.C. § 1452(b), Defendants' motion for a temporary stay, and Plaintiffs' and their counsel's motion to intervene.

Background and Procedural History

Plaintiffs originally filed this personal injury action in the Superior Court of New Jersey, Camden County, Law Division on February 19, 2009 alleging that Wayne Taylor contracted acute myelogenous leukemia as the result of his exposure in New Jersey to benzene-containing products manufactured by the Defendants.[1] An Amended Complaint was filed in State court on or about September 16, 2009.

Apparently, prior to his September 28, 2007 diagnosis, Mr. Taylor and his wife purchased a recreational vehicle. (Leslie Taylor Dep., p. 99-100.) When Mr. Taylor could no longer work, however, Plaintiffs could no longer afford the RV. They sought a management company to find a purchaser of the RV who would take over the loan payments owed to the Bank of America. (Id., p. 101-05.) A purchaser located through the management company took possession of the RV and began to make payments to

---

[1] Mr. Taylor passed away on January 15, 2012.

the Bank of America, but after a period of months, Bank of America stopped receiving the monthly payments. (Id.) The management company went out of business, and the purchaser of the RV could not be located. (Id.) Although Plaintiffs never recovered the RV, they retained responsibility for the debt, which they could not satisfy. Plaintiffs were also unable to pay their bills without Mr. Taylor's income.

Plaintiffs sought the assistance of a bankruptcy attorney, who Plaintiffs allege essentially sent them home with a voluminous bankruptcy petition to complete on their own. (Id., p. 109-112.) Mr. Taylor, a high school graduate with two credits of community college, testified that he did not understand any of the questions on the petition to require him to disclose that this litigation was pending. (Wayne Taylor Dep., p. 50-51; 693-96.)

On June 23, 2010, Plaintiffs filed a Voluntary Petition in Bankruptcy under Chapter 7 in Maine, where they then-resided. On July 30, 2010, the Trustee of Plaintiffs' case filed a Report of No Distribution. On September 22, 2010, an Order was entered in the Bankruptcy Court granting Plaintiffs' discharge in bankruptcy as a "no-asset" case. A final decree was entered on September 27, 2010, closing the Plaintiffs' bankruptcy case and discharging the Trustee.

At some time toward the end of 2010, Plaintiffs' personal injury attorney became aware of the Plaintiffs' bankruptcy filing. Plaintiffs' counsel in this matter advised them that a mistake had been made, and they approached the bankruptcy attorney to reopen the bankruptcy case so that the petition could be amended to reflect the existence of this lawsuit. (Wayne Taylor Dep., p. 693-96; Leslie Taylor Dep., p. 109-113.) The bankruptcy attorney required payment of his fee prior to filing a petition to open the

bankruptcy, but Plaintiffs could not afford to pay the entire fee so they paid the attorney in installments on December 22, 2010, January 3, 2011, and February 11, 2011. (Wayne Taylor Dep., p. 698-99; Leslie Taylor Dep., p. 111.)

On January 5, 6, and 7 and February 16, 2011, Wayne Taylor was deposed, and Leslie Taylor was deposed on February 17, 2011. Defendants argue that Plaintiffs failed to disclose the existence of their bankruptcy filing until Mr. Taylor was specifically questioned about it on February 16, 2011. (See Wayne Taylor Dep., p. 655-56.) Both Plaintiffs testified, however, that by mid-February 2011, they had paid their bankruptcy attorney $200 in three installments, in furtherance of correcting the record in their bankruptcy case. (Wayne Taylor Dep., p. 698-99; Leslie Taylor Dep., p. 111.)

Before the Plaintiffs' bankruptcy attorney reopened the case, the former trustee filed a motion to reopen the case on May 2, 2011. Because there was litigation not listed on Plaintiffs' bankruptcy petition that had to be administered, Plaintiffs' bankruptcy case in Maine was reopened on May 27, 2011.

On June 14, 2011, Defendant United States Steel Corporation removed the Plaintiffs' personal injury case to this Court pursuant to 28 U.S.C. § 1452(a)[2] or,

---

[2] "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. § 1334 provides:
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Except as provided in subsection (e)(2), . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

3

alternatively, Federal Rule of Bankruptcy Procedure 9027[3], claiming that this action is "related to" the Taylors' bankruptcy proceeding.[4]  Plaintiffs do not dispute that this matter is "related to" their bankruptcy case.  Thus, there is no argument that this Court does not have original jurisdiction over this matter.

Through the motion docketed at entry [11], however, Plaintiffs have asked this Court to abstain from exercising jurisdiction and remand this matter to the Superior Court of New Jersey, Camden County, Law Division pursuant to 28 U.S.C. §§ 1334(c)(1)[5], 1334(c)(2)[6], or alternatively, to remand pursuant to 28 U.S.C. § 1452(b)[7].

---

[3] Reliance on this procedural rule may be misplaced.  Removal under this rule is intended to take the case from State court to the court with bankruptcy jurisdiction.  In this district, D.N.J. LBR 9027-1 seems to clarify that the rule governs removal to the Bankruptcy Court, rather than the district court, and provides that notice of removal is to be filed with the Clerk of the Bankruptcy Court.

[4] "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . .  Thus, the proceeding need not necessarily be against the debtor or debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.  Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

[5] "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[6] "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

[7] "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

Analysis

First, Defendants argue that Plaintiffs do not have standing to file this motion because whatever cause of action they may have once had is now possessed, as part of the estate, by the trustee in bankruptcy, who has sole authority to control the conduct of this lawsuit subject to approval of the bankruptcy judge.[8]  11 U.S.C. §§ 323(a), 541, 554. In re Kane, 628 F.3d 631, 636-37 (3d Cir. 2010) ("While a bankruptcy case is pending, 'it [i]s the trustee, and not [the debtor], who ha[s] the capacity to pursue [the debtor's] claims.'").  In turn, Plaintiffs have filed a cross-motion to intervene under Fed. R. Civ. P. 24(a)(2)[9] or (b)(1)(B)[10] on their own behalf and on behalf of their attorney.[11]  (See Docket No. [24].)  Plaintiffs have argued that the value of this lawsuit far outweighs the debt owed to the creditors in the bankruptcy action, and there are no other parties positioned to adequately protect Plaintiffs' interests in the outcome of this lawsuit, as the trustee's primary function is merely to satisfy the creditors, not to protect the surplus value of this suit.

---

[8]On July 28, 2011, Defendants also argued that a stay of 120 days would have been appropriate to allow the Trustee to evaluate issues of settlement.  (See Docket No. [17].)  As 120 days have since passed, and with a proposed Application to Compromise pending in the bankruptcy court, Defendants' request for a stay is now moot.

[9]"On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

[10]"On timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact."

[11]Plaintiffs' counsel seeks to intervene to protect his contingent fee interest.  See Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).

5

"Even in liquidation cases under Chapter 7, a debtor has standing to object to claims where disallowance of the claims would produce a surplus. . . .  The debtor should be permitted to protect its equity interests, if any." In re McCorhill Publishing, Inc., 89 B.R. 393, 396 (Bankr. S.D.N.Y. 1988).  Plaintiffs have a direct interest in the surplus value of this lawsuit, which exceeds the debt owed in the bankruptcy estate.  See Nassau Sav. & Loan Ass'n v. Miller, 116 B.R. 423, 428 (Bankr. E.D. Pa. 1990) ("A significant body of case law holds that a debtor may participate in litigation if that litigation will generate or protect a surplus in the estate."); In re LaBrum & Doak, 1999 WL 667280, *2 (E.D. Pa. Aug. 27, 1999) ("Exceptions to this rule [that the bankruptcy trustee becomes the sole representative of the estate] have been recognized where the assets of the estate would exceed its liabilities . . . ."). See also In re McCorhill Publishing, Inc., 89 B.R. 393, 396 (Bankr. S.D.N.Y. 1988) (The "debtor possesses a direct pecuniary interest in the [surplus of the] estate which would not implicate the rights of the . . . trustee, whose primary function is to protect the creditors' interests in the estate.").  The liabilities of Plaintiffs' bankruptcy estate do not exceed $100,000, (Pl. 6/23/10 Voluntary Petition), whereas Plaintiffs' wage loss damages alone are estimated at $275,027 to $435,556 (Pl. 6/15/11 Expert Report), and those figures do not take into account Mr. Taylor's pain and suffering during months of hospitalizations, multiple rounds of chemotherapy, radiation, and a bone marrow transplant to combat his disease.[12]

---

[12]In addition, Plaintiffs assumed the Chapter 7 Trustee consented to the filing of this motion because Plaintiffs' attorney spoke to the trustee on July 13, 2011, and sent a confirmatory letter the next day, stating, "Please allow this to confirm our conversation of yesterday, wherein you consented to our filing a Motion to Remand the underlying

6

Accordingly, the Court will entertain Plaintiffs' motion to abstain and remand, and the motion will be granted.  The Court is aware that this lawsuit has not been abandoned by the trustee, but questions whether some Defendants may be using the bankruptcy case for improper settlement leverage.  On the other hand, there is no evidence in the record of bad faith on the part of the Plaintiffs; the Court does not see their omission as an attempt to play fast and loose with the courts.

Plaintiffs' Amended Complaint asserts only common law and statutory tort claims under New Jersey state law.  There is no dispute that this matter "relates to" Plaintiffs' bankruptcy case, although it does not "arise under" the bankruptcy code.  This Court would not have jurisdiction over the case but for the Plaintiffs' bankruptcy, as there are no federal claims asserted nor is there diversity of citizenship.  The action was commenced in a State forum of appropriate jurisdiction, see Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006), and indeed was progressing there under the Honorable Frederick J. Schuck until it was removed to this Court.  Finally, the Court has no doubt that the action may be adjudicated in just as timely a fashion in the State Superior Court as it could here.  Therefore, the Court will abstain from hearing the case.  Further, Defendants have mounted no argument against equitable remand, and the Court finds remand appropriate under 28 U.S.C. § 1452(b).

---

benzene litigation claim to the Superior Court of New Jersey, Camden County."  The trustee did not respond to that correspondence.  The trustee has since asserted that he did not consent to the Plaintiffs' filing of the motion to remand and abstain, and makes reference to the fact that the Plaintiffs' attorney in this action is not the attorney for the bankruptcy trustee, and has not been asked to prosecute this civil action on behalf of the bankruptcy estate.  Haenn Cert. ¶ 7, 6.


<u>Conclusion</u>

For these reasons,

IT IS ORDERED this <u>29</u>th day of March, 2012 that Plaintiffs' motion to abstain and remand [11] is hereby <u>GRANTED</u>.

IT IS FURTHER ORDERED that Plaintiffs' motion to intervene [24] is <u>DISMISSED AS MOOT</u>.

        /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.